UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

HECTOR GUTIERREZ VASQUEZ,

                Petitioner,               Case No. 1:26-cv-380

v.                                      Honorable Hala Y. Jarbou

ROBERT LYNCH et al.,

                Respondents.

_____/

## **ORDER**

This is a habeas corpus action brought by counsel on behalf of an individual detained by the United States Immigration and Customs Enforcement detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan. In an opinion and judgment entered on February 18, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering "Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment or, in the alternative, immediately release Petitioner from custody." (Op. & J., ECF Nos. 9, 10.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's opinion and judgment. (Op. & J., ECF Nos. 9, 10.) On February 25, 2026, Respondents filed a status report, stating that a bond hearing was held before an Immigration Judge on February 25, 2026, and that Petitioner had been denied bond. (Status Report, ECF No. 11; Order Immigration Judge, ECF No. 11-1.)

On April 22, 2026, Petitioner filed a motion to enforce judgment in this closed action. (ECF No. 12.) In the motion to enforce judgment, Petitioner argues that the February 25, 2026, bond

hearing did not comply with constitutional requirements because the Immigration Judge applied incorrect legal standards and did not base the denial of bond on clear and convincing evidence of dangerousness or flight risk. (*Id.*, PageID.292.) In light of this, Petitioner asks this Court to order his immediate release from custody or, alternatively, order that Respondents provide Petitioner with a new bond hearing. (*Id.*, PageID.296.)

In the motion to enforce judgment, Petitioner seeks to challenge the determinations made at the February 25, 2026, bond hearing in the Detroit Immigration Court. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's February 18, 2026, opinion and judgment and the holding of the § 1226 bond hearing in Immigration Court. Although Petitioner is free to challenge the § 1226 bond hearing, any challenge to the constitutionality of the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's February 18, 2026, opinion and judgment. Therefore, the Court will deny Petitioner's motion to enforce judgment.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to enforce judgment (ECF No. 12) is **DENIED WITHOUT PREJUDICE**.

Dated: May 19, 2026                          /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE